```
                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF LOUISIANA
                         ALEXANDRIA DIVISION

BARRY AND DEBRA NAVIAUX           CIVIL ACTION NO. 11-1599

VERSUS                            U.S. DISTRICT JUDGE DEE D. DRELL

UNITECH TRAINING ACADEMY, INC.
                                  U.S. MAGISTRATE JUDGE JAMES D. KIRK
```

REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand, **Doc. # 9**, referred to me by the district judge for report and recommendation. This suit is filed by plaintiff and his wife against his former employer claiming that the employer, Unitech, "neglected to enroll him" in the company's Blue Cross health care plan or "enrolled him but then dis-enrolled him without proper notice". Defendant timely removed the case to this court on the basis of federal question jurisdiction. Although plaintiffs did not expressly invoke the provisions of ERISA in their petition, defendant contends that federal question jurisdiction is present under ERISA because of plaintiff's claim seeking medical expenses.

Plaintiffs filed the instant motion for remand asserting that their well-pleaded complaint did not raise a federal question and that they are claiming only that the defendant was negligent in failing to secure health insurance coverage for them.

Plaintiff, Barry Naviaux, alleges he began working for Unitech's division in Alexandria on January 3, 2011. At the time,

he was provided health insurance coverage through his former employer pursuant to the provisions of COBRA. He elected to enroll in Unitech's plan with Blue Cross and the premiums were deducted from his paychecks. In February, Naviaux received a letter from Unitech confirming coverage and, in March, a welcome letter from Blue Cross, as well as a membership card.

On March 23, 2011, plaintiff was terminated from his employment prior to the April first effective date of his new health insurance plan. On May 8, 2011, Mr. Naviaux suffered a severe heart attack requiring hospitalization. He was then informed that he had no insurance because he had never been enrolled in the plan. Plaintiff alleges that thereafter, Unitech notified Blue Cross that he should be removed from the plan.

Defendants contend that Naviaux was never covered by the Plan and that the problems arose due to an "apparent failure" by Blue Cross.

<u>Federal Question Jurisdiction</u>

Plaintiff's claim, set forth in his original petition in state court, claims damages in the form of medical expenses he has incurred. He also asserts that, but for the defendant's error, he could have and would have continued his COBRA coverage which was terminated only because Unitech and Blue Cross both indicated he was covered under the group Plan.

A careful reading of plaintiff's complaint reflects that only state law causes of action were expressly set forth. Pursuant to

the well-pleaded complaint rule, a cause of action arises under federal law and removal is proper only if a federal question is presented on the face of plaintiff's properly pleaded complaint. Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). A federal defense to a plaintiff's state law cause of action ordinarily does not appear on the face of the well-pleaded complaint and, therefore, usually is insufficient to warrant removal to federal court. Gully v. First Nat. Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Therefore, the defense of preemption ordinarily is not sufficient justification for removal to federal court. However, our Supreme Court has recognized an exception to the well-pleaded complaint rule, the complete preemption exception. Metropolitan Life Ins. Co v. Taylor, 481 U.S. 581, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

As concerns ERISA, complete preemption occurs where the suit seeks to recover benefits due under the terms of the plan, to enforce rights under the terms of the plan or to clarify rights under the terms of the plan. *See* §502(A)(1)(B), 29 U.S.C. 1132(a)(1)(B), which is ERISA's civil enforcement provision.

Claims which fall outside the scope of §502, even though preempted by ERISA, §514(a), are still governed by the well-pleaded complaint rule and are not removable under the complete preemption principles established in Metropolitan Life. *See* Powers v. South Central United Food & Commercial Workers Unions and Employers

Health & Welfare Trust, 719 F.2d 760 (5th Cir. 1983).  *See also* Dukes v. U.S. Healthcare, Inc., 57 F.3d 350 (3rd Cir. 1995), *cert. den.,* 516 U.S. 1009, 116 S.Ct. 564, 133 L.Ed.2d 489  for an excellent discussion of the principles repeated here.

Contrary to plaintiffs' assertion in brief, the suit is not only claiming failure to provide plaintiff with proper notice of its decision not to enroll him but, in paragraph 15 of the petition, expressly argues in the alternative, that defendant enrolled him but then "dis-enrolled" him. The petition also alleges that Unitech notified Blue Cross to remove him from the Plan.

There is no question but that the plaintiffs' claims relate to the ERISA plan as a participant or beneficiary. The Alabama district court case of Nicholson v. National Accounts, Inc., 105 F. Supp2d 1290 (S. D. Ala., 1999), relied on by plaintiffs is distinguishable; here plaintiffs expressly claim that Mr. Naviaux might have been covered by the Plan and expressly ask for medical benefits. More specifically, under §502, the petition seeks to clarify rights under the Plan and, if indeed Naviaux was ever enrolled, seeks benefits under the plan. Therefore, complete preemption occurs and this court has federal question jurisdiction.

Because, for the foregoing reasons, this court has federal question jurisdiction, IT IS RECOMMENDED that the motion to remand, doc. #9, be denied.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and

Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 1st day of November, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE