UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BARRY AND DEBRA NAVIAUX | CIVIL DOCKET NO. 11-1599 |
| -vs- | JUDGE DRELL |
| UNITECH TRAINING ACADEMY, INC. | MAGISTRATE JUDGE KIRK |

## JUDGMENT

For the reasons contained in the Report and Recommendation of the Magistrate Judge previously filed herein, and after independent (de novo) review of the record including the objections filed herein, and concurring with the Magistrate Judge's findings under the applicable law;

IT IS ORDERED that Plaintiffs' MOTION TO REMAND (Doc. 9) is hereby DENIED.

In so ruling we also have considered the content of Plaintiffs' objections, specifically the argument that Plaintiffs' state law claims of negligence are not preempted by the Employee Retirement Income Security Act ("ERISA") because Mr. Naviaux was never actually enrolled in the Blue Cross/ Blue Shield ("BCBS") health care plan offered by his employer, Unitech Training Academy, Inc. ("Unitech"). We note the Fifth Circuit's decision in Chidester v. Quoyeser, 41 F.3d 664, 1994 WL 685015 (5th Cir. 1994) which affirmed ERISA preemption of plaintiff's state law claims, including intentional fraudulent misrepresentation and gross and wanton negligence against plaintiff's employees. Id. at *3.

Similar to the arguments contained in Plaintiffs' objections (Doc. 15) in the current case, the plaintiff in <u>Chidester</u> argued that her state law claim was not preempted by ERISA because it was "based on an injury that occurred while the plaintiff was not a plan participant or that was the result of fraudulent activity unrelated to the plan." <u>Id.</u> at *2. The employer in <u>Chidester</u> forged the signature of employee-plaintiff on insurance cancellation forms and misrepresented that plaintiff's insurance coverage would continue even after plaintiff's termination. <u>Id.</u> at *1.

The state law claims before us satisfy the two-prong test employed by the Fifth Circuit in such situations:

> (1) The state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and
>
> (2) the claim directly affects the relationships among traditional ERISA entities–the employer, the plan and its fiduciaries, and the participants and beneficiaries.

<u>Mayeaux v. Louisiana Health Service and Indemnity Co.</u>, 376 F.3d 420, 432 (5th Cir. 2004) (citations omitted). Here, the conduct required of employers with relation to ERISA plans is an area of exclusive federal concern given the broad scope intended by ERISA. <u>See, e.g., 29 U.S.C. § 1132</u> (detailing ERISA's civil enforcement provisions and non-exhaustive redress available for employer's failure to meet ERISA requirements). Second, the claim affects the relationship between Unitech the employer and Mr. Naviaux as an allegedly misrepresented participant–both "traditional ERISA entities."

Plaintiffs in our case argue that Mr. Naviaux was not a plan participant at the time of the incurred medical expenses, and therefore ERISA does not preempt his

2

state law claims. However, given the <u>Chidester</u> opinion and the clear language of controlling jurisprudence, we find Plaintiffs' claims "relate to" the employee benefit plan such that federal ERISA law preempts state law and federal jurisdiction is proper. Accordingly, Plaintiff's objections are DENIED.

Signed on this 9th day of December, 2011, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE