RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/23/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BARRY NAVIAUX, et al., | CIVIL ACTION |
| Plaintiffs | 1:11-cv-01599 |
| VERSUS | |
| UNITECH TRAINING ACADEMY, INC., | JUDGE DEE D. DRELL |
| Defendants | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for damages filed pursuant to Louisiana Civil Code art. 2315 by Barry Naviaux ("Naviaux") and his wife, Debra Naviaux ("Debra"), against his employer, Unitech Training Academy, Inc ("Unitech") on August 9, 2011 in Louisiana state court.

Naviaux alleges that, when he worked for Unitech in 2011, Unitech led him to believe he was enrolled in their health insurance with BlueCross BlueShield, when he was not. Naviaux alleges negligence on the part of Unitech, contending Unitech either neglected to actually enroll Naviaux in the group plan or enrolled him but then un-enrolled him without proper notice to him, and that Unitech failed to timely notify him of his uninsured status in time for him to retain his COBRA continuation of health insurance through his prior employer, Pinecrest. Naviaux alleges he allowed his Pinecrest COBRA health insurance to lapse because he reasonably believed he was insured under Unitech's group health

insurance with BlueCross BlueShield. In May 2011, Naviaux suffered a severe heart attack, at which time he learned he was uninsured. For relief, plaintiffs ask for general and specific monetary damages, interest and costs.

The case was removed to this court on September 1, 2011, on the basis that plaintiffs' claims were actually to enforce their rights under the terms of Unitech's group insurance plan and, therefore, state law was preempted by ERISA, § 502(A)(1)(B) and 29 U.S.C. § 1132(a)(1)(B) (ERISA's civil enforcement provision).

Plaintiffs filed a motion to remand (Doc. 9) which was denied (Doc. 19). Defendant then filed a motion to dismiss for failure to state a claim on which relief can be granted or, alternatively, for summary judgment, accompanied by documentary exhibits (Docs. 3, 5). Plaintiffs filed a brief in opposition to defendant's motion to dismiss or for summary judgment (Doc. 11), to which defendant's replied (Doc. 26). Defendant's motion is now before the court for disposition.

## Summary of the Complaint

Naviaux alleges in his complaint that he began working for Unitech in Alexandria, Louisiana on January 3, 2011. Naviaux alleges he had COBRA insurance coverage from his previous employer, Pinecrest, through February 2011, after which he elected to enroll in Unitech's group plan with BlueCross BlueShield. Pursuant to that election, Unitech began withholding premiums from Naviaux's

paychecks on February 14, 2012. On February 25, 2011 Naviaux received a letter from Unitech dated February 25, 2011, notifying Naviaux that he was "receiving this notice [regarding Unitech's COBRA responsibilities] because you have recently become covered under one or more of the group health plans sponsored by Unitech Training Academy." On March 2, 2011, Naviaux received a welcome letter from BlueCross BlueShield which stated, "[w]e appreciate the opportunity to serve you and hope you will be highly satisfied with your new BlueCross BlueShield of Louisiana health insurance." Naviaux was provided with a BlueCross BlueShield membership card with his name printed under the title "member name."

Naviaux contends that, because of these representations by Unitech and BlueCross BlueShield and the fact that insurance premiums were withheld from his pay, he reasonably believed he was an insured under Unitech's employer health insurance policy with BlueCross BlueShield.

On March 23, 2011, Naviaux's employment with Unitech was terminated. Unbeknownst to Naviaux, he was not covered under Unitech's BlueCross BlueShield health insurance. In the meantime, Naviaux had about eight days after termination of his employment with Unitech to pay the premium to continue his Pinecrest COBRA insurance continuation. Naviaux contends that, because he had been led to believe he was insured by BlueCross BlueShield, he did not pay the premium for the Pinecrest COBRA insurance continuation and

3

his Pinecrest insurance coverage lapsed. The day afer the Pinecrest COBRA insurance coverage lapsed, Unitech refunded Naviaux's insurance premiums to him, as well as his final paycheck, via direct deposit.

Naviaux contends he suffered a severe heart attack on May 8, 2011 and was hospitalized. Upon admission to the hospital, Naviaux was informed that he was not insured by Unitech's BlueCross BlueSheild plan because Unitech had not paid his premium. Naviaux contends this was the first time he learned he was not covered by Unitech's health insurance. Subsequently, Unitech notified BlueCross BlueShield that Naviauz was to be removed or cancelled from the group health insurance.

<u>Law and Analysis</u>

<u>Motion for Summary Judgment</u>

Unitech filed a motion to dismiss or for summary judgment contending the Naviauxs did not exhaust their administrative remedies under ERISA, 29 U.S.C. §§ 1132, 1133, 2560.503-1. Since Unitech attached documents outside the pleadings to their motion, the motion will be treated as one for summary judgment. Fed.R.Civ.P. rule 12(d).

1.

Rule 56 of the Federal Rules of Civil Procedure mandates that the court shall grant a summary judgment:

> "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or (4) issue any other appropriate order."

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

In this regard, the substantive law determines what facts are "material". A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff. Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999), 528 U.S. 906, 120 S.Ct. 249 (1999), and cases cited therein.

If the movant produces evidence tending to show that there is

5

no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. In this analysis, we review the facts and draw all inferences most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment. Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. den., 506 U.S. 825, 113 S.Ct. 82(1992).

2.

Naviaux claims in the complaint that Unitech either negligently failed to enroll him or "un-enrolled" him in the health insurance plan.

Defendants claim that plaintiffs were never enrolled in Unitech's BlueCross BlueShield health insurance. Defendants argue that by the terms of Naviaux's insurance plan, his enrollment was not effective until April 1, 2011 (Doc. 3). Actually, the contract states that Naviaux had an original effective date of April 1, 2011 and an amended effective date of May 1, 2011 (Doc. 3, Ex. p. 21/42).

Claimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before bringing suit *to recover benefits*. However, there is an exception

to the affirmative defense of failure to exhaust administrative remedies when such attempts would be futile. <u>Bourgeois v. Pension Plan</u>, 215 F.3d 475, 479 (5th Cir. 2000). Also, <u>Milofsky v. American Airlines, Inc.</u>, 404 F.3d 338, 353 (5th Cir. 2005), on rehearing, 442 F.3d 311, 313 (5th Cir. 2006). A plaintiff must exhaust his remedies where the grievance upon which the lawsuit is based *arises from some action of a plan covered by ERISA, and the plan is capable of providing the relief sought by the plaintiff.* <u>Chailland v. Brown & Root, Inc.</u>, 45 F.3d 947, 950 (5th Cir. 1995). Also, <u>Wilson v. Kimberly-Clark Corp.</u>, 254 Fed.Appx. 280, 285 (5th Cir. 2007).

In the case at bar, Naviaux initially claimed Unitech was negligent in either failing to enroll him in its group health insurance plan or in un-enrolling him without proper notice to Naviaux. However, Naviaux now concedes he was never enrolled in Unitech's group health insurance plan.

Naviaux's enrollment in Unitech's group health insurance plan did not become effective until May 1, 2011. Naviaux's employment with Unitech was terminated on March 23, 2011. Therefore, as Naviaux now concedes in his brief in opposition to defendant's motion for summary judgment (Doc. 23), his health insurance coverage never became effective.

Since Naviaux admits he was never a member of the group plan, he does not have a claim for coverage and his claims cannot fall

within the scope of ERISA. Therefore, Naviaux does not have to exhaust ERISA's administrative remedies.

However, the fact that Naviaux's claims do not fall under ERISA means that Naviaux's state law claims are no longer properly before this court. Therefore, this case should be remanded to the state court.

Accordingly, defendant's motion to dismiss/motion for summary judgment should be denied and it is recommended that this action be remanded to the state court.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendant's motion to dismiss/motion for summary judgment (Doc. 3) be DENIED.

IT IS FURTHER RECOMMENDED that, since this court lacks subject matter jurisdiction, the Naviauxs' action be REMANDED to the state court.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered

by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 23rd day of April, 2012.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE